## JOHN YOUNG v. AVERY COMPANY.[1]

February 7, 1919.

No. 21,073.

**Master and servant — liability of master to third person.**

1. Plaintiff's intestate was killed by collision with an automobile truck driven by defendant's chauffeur. There is evidence to sustain a finding that the chauffeur drove into deceased and that he was negligent in so doing.

**Same — exclusion of evidence.**

2. It was not error to exclude evidence that defendant's chauffeur was usually a careful driver.

**Witness — impeachment — testimony of absent witness.**

3. The stipulated testimony of an absent witness received under G. S. 1913, § 7796, may be used for purpose of impeachment.

**Evidence — inconsistent statement in writing admissible.**

4. A contradictory statement made in writing by one of defendant's witnesses was properly authenticated and properly received.

[1]Reported in 170 N. W. 693.

Action in the district court for Hennepin county by the special administrator of the estate of William Young, deceased, to recover $7,70( for the death and funeral expenses of his intestate. The answer alleged that any injury to the intestate was caused by his own negligence. The case was tried before Hale, J., who when plaintiff rested and at the close of the testimony denied defendant's motions for a directed verdict, and a jury which returned a verdict for $3,500 and $252.50 funeral expenses From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Kerr, Fowler, Schmitt & Furber,* for appellant.

*Erling Swenson* and *Larrabee & Olson,* for respondent.

HALLAM, J.

1. Deceased, William Young, was a teamster. One day he was driving his team at Fourth Avenue North and Fourth Street in Minneapolis Fourth Avenue North runs about east and west, and Fourth Stree comes into it from the south but does not cross it. Another teamster William H. Boldt, driving north on Fourth Street, had made too sharp turn to the right at the crossing and the right wheels of his wagon had gone off the pavement into the mud and it stood there on the southerly side of Fourth avenue and at about the southeast corner of the stree intersection. Boldt was unable with his own team to extricate his wagon Young, acting the Good Samaritan, unhitched his team from his own wagon, hitched it by means of a rope to the rear end of Boldt's wagon and proceeded to pull it out. His team was faced westerly up Fourth avenue and moved in a westerly direction.

Just at this time Nels Nelson came along Fourth Avenue North, driving defendant's motor truck loaded with a tractor, with a purpose to unload the tractor from the rear of his truck to a platform on the north side of Fourth avenue diagonally across the street from where deceased was engaged. Nelson drove alongside the platform, then headed out into the street so as to back up to the proper place at the platform and then backed up to the platform. As Young drove forward, with his team hitched to the rear of Boldt's wagon, he came into collision with defendant's truck and was crushed between the wagon wheel and the

truck and received injuries from which he died. So far the facts are undisputed. The cause of the collision is in dispute.

Plaintiff claims, that Nelson was maneuvering his truck back and forth so as to get the proper position at the platform, and in so doing ran his truck forward just as deceased brought the wagon up on the pavement, and that this forward movement of the truck caused the collision, and that to move the truck forward under such circumstances was a negligent act.

Defendant claims, that Nelson made but one forward movement and that this was before the collision, that when the collision occurred Nelson was backing away from Young, and that Young moved forward with such rapidity as to run into the truck.

The court instructed the jury that if they found Nelson was negligent they should return a verdict for plaintiff. The jury found for plaintiff and defendant appeals. The question of contributory negligence was not submitted to the jury and no exception was taken to the charge. That question is not in the case.

The principal question in the case is whether Nelson was negligent. It seems clear that the question of Nelson's negligence depends largely on the question whether he was moving forward or back at the time of the collision. If he was backing it cannot be said he was negligent. If he was moving forward under the conditions there existing, the jury might easily find that he was negligent.

Boldt testified that, as Young with the wagon came up on the pavement, the truck ran into him. Boldt did not see the impact, but said he saw the truck move ahead "just a second" before Young was hit, heard the truck hit the wagon and looked up and saw Young pinned between the car and the wagon. There is other evidence to the effect that the truck was "moving back and forth" a few seconds before the accident. The evidence is sufficient to sustain a finding that Nelson drove the truck forward to the collision and that he was negligent in so doing.

2. Several errors are assigned in rulings upon evidence. They present no reversible error.

The court properly sustained objection to the question asked of defendant's shipping clerk: "What kind of a driver was he?" (Nelson). Defendant is liable, if at all, on the doctrine of respondeat superior.

If Nelson was negligent on this occasion, defendant is liable, although it may have been his first negligent act. Jagger v. National G.-A. Bank of St. Paul, 53 Minn. 386, 55 N. W. 545; Fonda v. St. Paul City Ry. Co. 71 Minn. 438, 446, 74 N. W. 166, 70 Am. St. 341. Evidence had been received that Nelson was not a licensed chauffeur, but if that fact was material the offered 'evidence had no tendency to disprove it.

3. The stipulated testimony of an absent witness named Belland was received under G. S. 1913, § 7796. It was to the effect that Nelson had said shortly after the accident, in answer to a question: "Why he didn't stop the truck before he pinned deceased against the wheel," that he put on the brakes but couldn't stop it. In other words, Belland's stipulated testimony was offered to impeach Nelson. Proper foundation was laid for it as impeaching testimony. If Belland had been present in court, the testimony would have been proper for purpose of impeachment. We see no reason why his stipulated testimony might not be used for the same purpose.

4. A statement in writing alleged to have been made by defendant's witness Wright and inconsistent with his testimony given on the stand was properly received. There was evidence, that the statement was reduced to writing in Wright's presence from information given by him, that it was read over to him and then signed by him. Clearly it was admissible.

Order affirmed.